UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 15-164-DLB

LARRY W. SCOTT, JR.,                                                      PETITIONER

VS.                       **MEMORANDUM OPINION
                           AND ORDER**

MARY HAMMONS, et al.,                                                    RESPONDENT

\*\*\* \*\*\* \*\*\* \*\*\*

Larry Wayne Scott, Jr. is an inmate at the Knox County Detention Center ("KCDC"). On September 16, 2015, the Court received a five-page letter from Scott styled as a "writ of habeas corpus." (Doc. # 1). In light of Scott's indication that he seeks habeas relief, the Court will treat this action as a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.[1]

In his letter, Scott claims that he is "falsely imprisoned" at KCDC pursuant to Warrant No. E06110001116725 issued by Judge G. Lay on December 13, 2011 and Warrant No. E09610000305694 issued by Judge C. Kuster on December 18, 2010.[2] Scott alleges that when the events giving rise to the issuance of the warrants took place, he was not in Kentucky; rather, he was in South Carolina assisting federal

---

[1] Because Scott expressly indicated that he sought habeas relief, it was administrative error for the Clerk of the Court to re-characterize this action as one seeking relief under 42 U.S.C. § 1983. *Martin v. Overton*, 391 F. 3d 710, 714 (6th Cir. 2004). The Court will therefore direct the Clerk to modify the docket to accurately reflect Scott's assertion of his claims under § 2241.

[2] Judge Gregory Lay presides over the Laurel Circuit Court in London, Kentucky; Judge Charles Kuster, Jr. presides over the 18th District Court in Cynthiana, Kentucky.

1

agencies engaged in law enforcement activities.³ *Id.* at pp. 1-3. Scott further contends that on September 5, 2015, an officer at KCDC hit him in the back of the neck and threatened him, and that he has not received medical care for this and other medical conditions. (Doc. # 1, pp. 3-4). Scott seeks release from the custody of KCDC. *Id.* at p. 5.

On September 21, 2015, Scott sent two more letters to the Court. In the second letter, Scott alleges that on September 17, 2015, he was attacked by another inmate; that KCDC Officer Mills removed him from the cell and choked him as he dragged him down the hallway; and that after falling unconscious as a result, a nurse refused to provide him with medical treatment the next day. (Doc. # 3). In the third letter, which he asked to be filed under seal, Scott contends that it would endanger his life to be returned to South Carolina, and therefore requests that he "be granted immunity from prosecution" by South Carolina authorities.⁴ The Clerk of the Court docketed this letter as a motion seeking a preliminary injunction. (Doc. # 11).

Scott sent his fourth letter to the Court on September 28, 2015. Scott again asserts that in 2011 he had complied with both Kentucky and South Carolina sex

---

³ The Knox County Detention Center's website indicates that the 2011 warrant was issued for charges asserting that Scott had failed to comply with sex offender registration requirements and for being a persistent felony offender, and the 2010 warrant was issued to effectuate a court-issued bench warrant. Scott is being held on a $10,500 cash bond, with his next court appearance scheduled for December 2, 2015 at 9:00 a.m. See http://www.knoxcountydetention.com/Knox_inmate_list.html (last visited on November 12, 2015).

⁴ A number of Scott's letters were originally filed in a separate action, *In re: Scott*, No. 6:15-175-DCR (E.D. Ky. 2015), but were subsequently transferred to this case once it became apparent that they arise from the same series of events set forth in the letters filed in this action. (Doc. # 10).

2

offender registration laws, and was not in Kentucky on the dates alleged in the warrants lodged against him.  He further alleges that he was physically and/or sexually assaulted by other inmates and jail personnel while housed at the Clay County Detention Center on September 25, 2015, requiring hospitalization.  Scott seeks release from custody and the appointment of counsel to assist him in obtaining damages for his injuries.  The Clerk has docketed this letter as a Motion to Appoint Counsel.  (Doc. # 4).  A fifth letter from Scott dated October 8, 2015, repeats these allegations, and includes copies of inmate grievances he filed regarding the September 25 assault.  (Doc. # 5).

On October 20, 2015, Scott sent a sixth letter indicating that he had been transferred back to KCDC; that he has suffered ongoing physical ailments as a result of the September 25 assault but has received no medical treatment for his injuries; and that jail staff are telling other inmates that he is a federal informant and a child molester. Scott seeks release from custody and requests that video footage from security cameras be produced to substantiate his allegations.  The Clerk has docketed this letter as a Motion Requesting Discovery.  (Doc. # 6).

In a seventh letter dated October 25, 2015, Scott asks the Court to contact branch offices of the Federal Bureau of Investigations and the Drug Enforcement Agency in Columbia, South Carolina to confirm that he was present in South Carolina on the dates that the warrants indicate he was in Kentucky.  The Clerk has docketed this letter as a Motion for an Order Granting the Relief Requested.  (Doc. # 12).  Four days later Scott penned an eighth letter expressing his intent to file one or more lawsuits in state and federal courts based upon the facts previously alleged, and noting his prior request for the production and inspection of video surveillance footage of the events

3

alleged. The Clerk has docketed this letter as a Motion Requesting the Production of Video Footage. (Docs. # 7, 13).

A ninth and final letter, dated October 24, 2015, contains Scott's further allegation that, following his release from the South Carolina Department of Corrections in November 2010, he advised the London office of the Kentucky Department of Probation and Parole that he would be living in South Carolina, and that he registered his presence with South Carolina law enforcement authorities. Scott indicates that he was arrested several times by South Carolina authorities up to August 2011. (Doc. # 9).

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Scott's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As a preliminary matter, Scott's claims that he was assaulted by guards and other prisoners, and has not received proper medical care, are conditions of confinement claims which are not cognizable in this habeas proceeding. Because these claims do not challenge the fact or duration of Scott's confinement, he must pursue them as civil rights claims under 42 U.S.C. § 1983. *Preiser v. Rodriguez*, 411 U.S. 475,

4

484 (1973). Where, as here, a prisoner asserts conditions of confinement claims in a habeas corpus petition under § 2241, the appropriate course is to dismiss the petition to allow the prisoner to assert his claims in a civil rights action. *Martin v. Overton*, 391 F. 3d 710, 714-15 (6th Cir. 2004). The Court will therefore dismiss Scott's civil rights claims without prejudice to his ability to pursue them in an appropriate proceeding.

Scott's allegations regarding his compliance with sex offender registration laws and hence the validity of the charges underlying the warrants lodged against him are matters generally within the scope of habeas review. A person awaiting trial on criminal charges pending in a state court may seek federal habeas relief from the state prosecution in federal court pursuant to 28 U.S.C. § 2241. *Phillips v. Court of Common Pleas, Hamilton Co., Ohio*, 668 F. 3d 804, 809 (6th Cir. 2012). This is an exception to the general rule that ordinarily a federal court will consider a defendant's challenges to the legality and constitutionality of his or her prosecution only after a full and thorough exhaustion of those claims through the state's review process, including direct appellate review and utilization of available means of collateral attack. *Id*. at 810-11 (*citing Klein v. Leis*, 548 F. 3d 425, 430 n.2 (6th Cir. 2008).

Because federal consideration of such claims before they have even been presented to the state appellate courts for review undermines, if not eviscerates, the purposes of exhaustion, permitting substantive review of such claims under the Court's federal habeas jurisdiction is appropriately limited to the truly exceptional case. *Christian v. Wellington*, 739 F. 3d 294, 297-98 (6th Cir. 2014). This is because "if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner," a federal court should

5

abstain from exercising its habeas jurisdiction under § 2241 until after the petitioner exhausts his available state court remedies by giving state courts the first opportunity to adjudicate his challenges to the propriety of the prosecution. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Section 2241 petitions seeking federal habeas relief before such state procedures have run their course are therefore typically denied without prejudice as premature. *In re Justices of Superior Court Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17-18 (1st Cir. 2000).

Here, Scott seeks habeas relief based upon his contention that he was in South Carolina on the dates when local prosecutors allege he violated Kentucky law (Doc. #1, pp. 1-3; Doc. # 12), and that he complied with Kentucky and South Carolina sex offender registration laws (Doc. # 4). In sum, Scott contends that he did not violate Kentucky law and is therefore innocent of the state charges against him. But the federal courts are not simply a different venue available to criminal defendants to test their protestations of innocence in an alternative forum. In the absence of clear evidence to the contrary, federal courts presume that their state counterparts will carefully safeguard a defendant's rights and vindicate federal interests. *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("Ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights."). Scott has offered no basis to disturb that presumption, and he must pursue his arguments in the state criminal proceedings in the first instance. *Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir. 1979) (acknowledging federal courts' authority to consider a habeas corpus petition before a judgment of conviction is entered, but noting that "considerations of federalism

6

counsel strongly against exercising the power except in the most extraordinary circumstances.").

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall modify the docket to reflect Scott's assertion of his claims pursuant to 28 U.S.C. § 2241;

2. Scott's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED WITHOUT PREJUDICE**;

3. Scott's civil rights claims regarding the conditions of his confinement are **DISMISSED WITHOUT PREJUDICE**;

4. Scott's Motion for Preliminary Injunction (Doc. # 11), Motion to Appoint Counsel (Doc. # 4), Motion for Discovery (Doc. # 6); Motion for Order (Doc. # 12) and Motion to Produce Video Footage (Doc. #7) are **DENIED AS MOOT**; and

5. This action is **DISMISSED** and **STRICKEN** from the Court's active docket.

6. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 16th day of November, 2015.



Signed By:
*David L. Bunning* DB
United States District Judge

G:DATA/ORDERS/ProSe 15-164 MOO Dismissing 2241 Petition